SWILLEY v. STATE.

(Division A. Nov. 10, 1930. Suggestion of Error Overruled December 8, 1930.)

[130 So. 130. No. 28889.]

A. Q. Broadus, of Purvis, for appellant.

A. Q. Broadus, of Purvis, and M. D. Brown, of Gulfport, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant was sentenced to serve a term of one year in the state penitentiary on an indictment charging grand larceny in the stealing of one heifer of the value of forty dollars. On the trial the jury convicted him, and thereupon the court sentenced him. His appeal is from that verdict and sentence.

He was jointly indicted with his two sons, Jesse Swilley and Henry Swilley, and his son-in-law, Vardaman Dedeaux. The evidence for the state is to the effect that the two Swilley sons, together with Mr. and Mrs. Vardaman Dedeaux, went to the home of the appellant arriving there about the noon hour. On that afternoon Vardaman Dedeaux and Jesse Swilley went out on the range and drove the young heifer in question, the property of Enoch Bond, to a secluded spot in the woods and fastened the animal to a tree by means of a rope. The evidence is largely that of Vardaman Dedeaux, who confessed his guilt, but he swears positively that this appellant, together with the others named in the indictment took part in the crime here alleged. He testified that this appellant knocked the cow in question in the head with an axe and killed her and assisted otherwise in killing and butchering the animal; that the cow was carried to the house of the appellant after night and hung up in the appellant's smokehouse, at a time when they were all present and participating therein; that they aided in hiding the hide, entrails, ears, and head; that the ears were secreted on the limb of a standing tree. When Vardaman Dedeaux was arrested by the officers of another county, he made a statement, and, when he came into the custody of the officers of Stone county, he went with the officers and helped find the missing part of the animal which had been hidden.

The appellant, his two sons, and Mrs. Vardaman Dedeaux testified that the father did not participate in any manner in this crime, that he was not at home when the other parties came, and that he came in after they left, and that all the family went to bed at seven o'clock in the evening, and on the following morning Jesse Swilley and Vardaman Dedeaux disappeared without the knowledge of the other members of the family. Jesse Swilley and Vardaman Dedeaux were arrested in Biloxi undertaking to sell the animal to a butcher; they had carried it there from the smokehouse in the car of one of the Swilleys.

The statements made by Vardaman Dedeaux at different times were not in harmony with each other, and there was a contradiction of him in these statements. On cross-examination, Vardaman Dedeaux was asked the following question:

"Q. I want to ask you, isn't it true that you were the star witness in the case of the state of Mississippi against your uncles, a star witness for the state, and you secured their conviction and they were sent to the penitentiary, and after they were in the penitentiary you made an affidavit that your evidence was untrue and they got out by reason of that affidavit? Objected to. Overruled. A. Yes sir.

"Q. Then it is a fact that you made an affidavit after your uncles were sent to the penitentiary that the evidence you gave for the state was untrue, and that is what secured their pardon; that it true, isn't it? Objected to.

"BY THE COURT: He has answered the question that he made an affidavit that his statement was untrue."

The following instruction was given for the state: "The court instructs the jury for the state that if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant *Henry Swilley* in Stone county, Mississippi on or about the 7th day of May, 1930, with Vardaman Dedeaux, Jesse Swilley and A. Swilley un-

lawfully and feloniously took, stole and carried away one heifer of the value of twenty-five dollars or more, described in the indictment the property of Enoch Bond or then and there aided, assisted or abetted in the taking, stealing and carrying away of the said animal, the jury shall find the defendant guilty as charged." The same instruction was given, dated on the day of trial, the 22d day of May, 1930, except where the words "Henry Swilley" first occurs there are the words "A. Swilley" just preceding the words "in Stone county, Mississippi."

The giving of the instruction relative to *Henry Swilley* is assigned as error.

First, it is argued that the court should have granted the peremptory instruction for the reason that by his own admission the main state witness who testified in detail to the participation of the appellant in the crime is wholly unworthy of belief, for the reason that he admitted he had made an affidavit saying he testified falsely in a trial of another case in another county on another occasion. In addition to Vardaman Dedeaux's testimony, there was the fact that all the other people in the house retired early and slept late, and that the carcass of the butchered cow was in the smokehouse and was carried away the next morning; these facts sworn to by the appellant and his witnesses. The other son who confessed participation in the crime also testified that the father, this appellant, had no knowledge of the crime and took no part therein. The issue was in sharp conflict, with more witnesses testifying on behalf of the appellant, while only one was offered to the material facts connecting the appellant with the crime. The conflict was sharp between them, but it was a case for the jury, and it was peculiarly for the jury to say in the light of the contradictions as to whether or not they believed the testimony of the witness who admitted that he had sworn falsely in another trial not connected with this case. In this connection the jury perhaps took into consideration the cir-

cumstances attendant upon this crime, particularly that the slain animal was brought to the house of this appellant and kept in a smokehouse and carried therefrom to be marketed by his son and son-in-law.

Second, we cannot approve at all the practice, if it happened in this case, of using the original instruction given in another case, and we have set it out in order to call attention to it, but we are unable to conceive of any sound reason which we could state with any degree of confidence that the giving of the instruction complained of could have possibly had any effect upon the verdict of the jury, because the instruction announced the principle that all the participants must be required by the jury to participate in the crime before the appellant could be convicted. The use of the given or Christian name did not affect the applicable law, nor did the instruction of itself inform the jury, who had the duty of trying the appellant here, anything whatever as to what had occurred in another case.

Affirmed.